of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while crossing to the northeast corner of Fifth avenue and Thirty-sixth street in the borough of Manhattan was struck on the head by a piece of board which fell from a building under construction at that corner and received the injuries complained of. The owner of the building was held liable for failure to erect a shed extending from the building line to the curb over the sidewalk adjacent to the building.

*George F. Hickey, Henry L. Ughetta* and *William Butler* for appellant.

*James G. Purdy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

YETTA SCHULMAN, Respondent, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Defendant, and JOSEPH TINO & CO., INC., Appellant.

MORITZ SCHULMAN, Respondent, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Defendant, and JOSEPH TINO & CO., INC., Appellant.

*Negligence — motor vehicles — passenger on trolley car injured from collision with auto truck.*

*Schulman* v. *Hedges* (2 cases), 219 App. Div. 782, affirmed.

(Argued June 17, 1927; decided July 20, 1927.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 26, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff Yetta Schulman through the negligence of defendants, and in an action by her husband to recover for loss of services and expense

by reason of such injuries. Plaintiff Yetta Schulman while riding on a trolley car was injured through a collision between the car and defendant, appellant's auto truck.

*Everett W. Bovard, Clarence E. Meller* and *Norman G. Hewitt* for appellant.

*Albert Adams* and *Leon Sanders* for respondent.

Judgment in each case affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

DOUGLAS ROBINSON, Appellant, *v.* ABBIE C. BELL, as Administratrix of the Estate of HORACE S. BELL, Deceased, Defendant, and ELIZABETH H. ORTH, Respondent.

*Title — action to determine title to certificate obtained by broker through false representations and placed by his clerk in envelope addressed to customer who had previously ordered and paid for a certificate.*

*Robinson* v. *Bell*, 217 App. Div. 801, affirmed.

(Argued June 17, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 6, 1926, unanimously affirming a judgment in favor of defendant-respondent, entered upon a decision of the court at a Trial Term without a jury. The action was to recover an interim certificate entitling the holder to a bond when issued. Plaintiff had purchased from defendant's intestate, who was a stockbroker, and died insolvent, one certificate and paid for the same though he had not received it. Thereafter intestate through fraudulent representations induced defendant-respondent to deliver to him twenty such certificates which he placed in a safe in his office. The day before the death of intestate a clerk in his office removed one of the certificates from the safe and placed it with a receipt to be signed by plaintiff in an envelope addressed to him and placed it in a box where it was